United States District Court
Eastern District of Michigan

Myron Lamarr Duncan-Plunkett (#51122-039),

        Petitioner,　　　　　　　　Case No. 25-cv-10794

        -vs-

        　　　　　　　　　　　　　　Honorable Thomas J. Ludington
Eric Rardin (Warden),　　　　　　Mag. Judge Patricia T. Morris

        Respondent.
_____/

## Motion to Dismiss Habeas Corpus Petition

Myron Lamarr Duncan-Plunkett's habeas corpus petition under 28 U.S.C. § 2241 requests immediate release to home confinement. But on March 28, 2025, after he filed his petition, BOP released him to home confinement. Thus, there is no active case or controversy for this Court to adjudicate and his petition should be dismissed with prejudice as moot.

1

        Respectfully submitted,

        Julie A. Beck
        Acting United States Attorney

        /s/ Meghan S. Bean
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226
        (313) 226-0214
        meghan.bean@usdoj.gov

Dated: April 15, 2025

United States District Court
Eastern District of Michigan

Myron Lamarr Duncan-Plunkett (#51122-039),

    Petitioner,               Case No. 25-cv-10794

    -vs-

                                    Honorable Thomas J. Ludington
Eric Rardin (Warden),            Mag. Judge Patricia T. Morris

    Respondent.
_____/

## Brief in Support of Motion to Dismiss Habeas Corpus Petition

### Issue

Should Duncan-Plunkett's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed with prejudice because it is moot?

### Statement of Facts

Duncan-Plunkett was convicted in separate cases and was sentenced to 120 months in prison for attempted possession with intent to distribute cocaine, aiding and abetting, and to 15 months in prison (to run concurrent with his 120-month sentence) for conspiracy to possess with intent to distribute controlled substances. *See* EDMI Case No. 15-20442, ECF No. 207, Judgment, PageID.940–41; EDMI Case No. 15-20317, ECF No. 676, Judgment, PageID.2980–81. Duncan-Plunkett

1

was released from prison around July 2024 to a residential reentry center and later to home confinement. (ECF No. 3-1, Petition, PageID.13–14). In March 2025, he was briefly returned to Federal Correctional Institution Milan in Milan, Michigan, after he says he was told that he was ineligible to earn time credits under the First Step Act. (*Id.*).

On March 21, 2025, Duncan-Plunkett petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 and requested that this Court order his immediate return to home confinement. (*Id.*, PageID.19). On March 28, 2025, he was re-released from FCI Milan to home confinement. *See* Gov. Ex. A, BOP Inmate Profile. His projected release date to supervised release under the First Step Act is April 4, 2026. *Id.*

## Argument

**Duncan-Plunkett's petition should be dismissed as moot.**

Duncan-Plunkett's habeas petition should be dismissed with prejudice as moot. *See Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009). Immediate release to home confinement was the only specific relief he sought in his habeas petition. (ECF No. 3-1, Petition,

2

PageID.19).¹ And on March 28, 2025, Duncan-Plunkett was released from FCI Milan to home confinement, where he remains. *See* Gov. Ex. A, BOP Inmate Profile. Therefore, this Court should dismiss his petition as moot because there is no active case or controversy to adjudicate. *See Thompson v. DeWine*, 7 F.4th 521, 523 (6th Cir. 2021) (courts adjudicate "only genuine disputes between adverse parties, where the relief requested would have a real impact on the legal interests of those parties" and thus "if the issues presented are no longer live . . . then the case is moot and the court has no jurisdiction") (cleaned up)); *Marshek v. Eichenlaub*, 266 F. App'x 392, 393 (6th Cir. 2008) (per curiam) (holding that appeal of denial of § 2241 petition where petitioner sought immediate transfer to a halfway house was moot because petitioner had been placed in a halfway house while appeal was pending); *Brock v. United States DOJ*, 256 F. App'x 748, 750 (6th Cir. 2007) (same); *see*

---

¹ If Duncan-Plunkett's petition were not moot, this Court would nonetheless lack the authority to order his release to home confinement. Under 18 U.S.C. § 3621(b), the Bureau of Prisons, not the judiciary "is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). And BOP's "designation of a place of imprisonment . . . is not reviewable by any court." 18 U.S.C. § 3621(b); *see also, e.g., Frierson v. Rardin*, No. 24-12456, 2025 U.S. Dist. LEXIS 20994, at *14 (E.D. Mich. Feb. 5, 2025) ("The First Step Act did not alter the BOP's statutory authority to determine when, or if, a prisoner should be released to a residential reentry center or to home confinement.").

3

also *Antoine v. Rardin*, No. 24-cv-12462, 2025 U.S. Dist. LEXIS 60892, at *4–5 (E.D. Mich. Mar. 31, 2025) (dismissing § 2241 petition with prejudice, reasoning that "Antoine's request that BOP apply his FTCs to transfer him to prerelease custody is now mooted because BOP transferred him to prerelease custody when it placed him to a residential reentry center"). Duncan-Plunkett has already received the relief he seeks from this Court.

## Conclusion

The petition for a writ of habeas corpus should be dismissed with prejudice.

Respectfully submitted,

Julie A. Beck
Acting United States Attorney

/s/ Meghan S. Bean
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0214
meghan.bean@usdoj.gov

Dated: April 15, 2025

## Certificate of Service

I certify that on April 15, 2025, I electronically filed this motion to dismiss with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the attached paper to the following non-ECF participant:

>Myron Lamarr Duncan-Plunkett
>Reg. No. 51122-039
>At home confinement address on file with Detroit RRM[2]

/s/ Meghan S. Bean
Assistant United States Attorney

---

[2] Respondent has not included Duncan-Plunkett's home address on this certificate of service for privacy reasons.