UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MYRON LAMARR DUNCAN-PLUNKETT,

        Petitioner,        Case No. 1:25-cv-10794

v.        Honorable Thomas L. Ludington
        United States District Judge

ERIC RARDIN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING HABEAS PETITION AS MOOT**

While confined at FCI Milan in Michigan, Petitioner Myron Lamarr Duncan-Plunkett filed a *pro se* Petition for a Writ of Habeas Corpus seeking his transfer to home confinement. After he filed his Petition, Petitioner was transferred to home confinement. So Respondent filed a Motion to Dismiss the Petition as moot. As explained below, Respondent's Motion will be granted, and Petitioner's Petition will be dismissed.

**I.**

In 2016 and 2017, Petitioner was convicted of drug-related offenses in two separate cases in the Eastern District of Michigan. In the first case, Judge Gerald Rosen sentenced Petitioner to ten years in prison. *See United States v. Kemp, et al.*, Case No. 15-20442 (E.D. Mich. Jan. 30, 2017). In the second case, Judge Avern Cohn sentenced Petitioner to 15 months of imprisonment, to be served concurrent with his prior ten-year sentence. *See United States v. Burnett et al.*, Case No. 15-20317 (E.D. Mich. Mar. 30, 2018). Petitioner is currently serving these sentences while confined at FCI Milan in Michigan. *See* ECF No. 1 at PageID.1.

On March 21, 2025, Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner alleges that after establishing his eligibility for release and placing him on home confinement, the Bureau of Prisons (BOP) returned him to prison based on an erroneous interpretation that Petitioner had been convicted of a disqualifying offense under 18 U.S.C. § 3632(d) and was therefore ineligible to receive time credits. *Id.* at PageID.2, 7. Petitioner also argues that he was removed from home confinement without procedural due process, in violation of his Fourteenth Amendment rights. *Id.* at PageID.7. Accordingly, Petitioner seeks immediate return to home confinement. *Id.* at PageID.8.

But one week after he filed his Petition, Petitioner was returned to home confinement. *See* ECF No. 5-1 at PageID.30. So on April 15, 2025, Respondent filed a motion to dismiss the Petition as moot. ECF No. 5.

## II.

A case or controversy must exist throughout all stages of federal judicial proceedings. U.S. CONST. art. III, § 2. Accordingly, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *accord Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). When issuing a writ of habeas corpus would not affect a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy for Article III purposes. *See Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009); *see also NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (holding that federal courts have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue").

Here, the only relief that Petitioner sought was to be transferred to home confinement. ECF No. 1 at PageID.6-8. Because he has since been transferred to home confinement, *see* ECF No. 5-1 at PageID.30, the issue presented in this case is no longer "live." *See Marshek v. Eichenlaub*, 266 Fed. App'x 392, 392–93 (6th Cir. 2008) (dismissing a habeas petition as moot when the petitioner had sought to be transferred to a halfway house, and he was then transferred to a halfway house); *Antoine v. Rardin*, No. 24-CV-12462, 2025 WL 968285, at *2 (E.D. Mich. Mar. 31, 2025) (finding that a prisoner's petition for prerelease custody was mooted when he was placed in prerelease custody); *Brown v. Rardin*, No. 2:24-CV-12368-TGB-EAS, 2025 WL 1226308, at *1 (E.D. Mich. Apr. 28, 2025) (same). Because Petitioner's claim is moot, this Court must dismiss the Petition.[1]

**III**.

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss, ECF No. 5, is **GRANTED**.

Further, it is **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED AS MOOT**.  Because certificates of appealability are not necessary to appeal denials of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal.

---

[1] Even if the Petition was not moot, this Court cannot grant the sole relief Petitioner seeks. Courts do not have the authority to order a specific place of confinement. Congress vested that authority specifically with the BOP. *See* 18 U.S.C. § 3621(b); *see also United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). Indeed, the BOP's determination of the place of a prisoner's confinement "is not reviewable by any court." 18 U.S.C. § 3621(b); *see also Frierson v. Rardin*, No. 2:24-CV-12456, 2025 WL 410072, at *5 (E.D. Mich. Feb. 5, 2025) ("The First Step Act did not alter the BOP's statutory authority to determine when, or if, a prisoner should be released to a residential reentry center or to home confinement.").

- 4 -

**This is a final order and closes the above-captioned case**.

Dated: June 30, 2025                                                   s/Thomas L. Ludington
                                                                                                               THOMAS L. LUDINGTON
                                                                                                               United States District Judge